# EXHIBIT B

7/30/2021 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55880212
By: D Burton
Filed: 7/30/2021 4:02 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **DUSTEN ALEXANDER** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **SAFETY CLAMPS, INC.** | § | |
| | § | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff Dusten Alexander ("Plaintiff"), who files this Original Petition against Defendant Safety Clamps, Inc. (hereinafter referred to as "Defendant" or "Safety Clamps"), and would respectfully show this Honorable Court as follows

## I.
## DISCOVERY CONTROL PLAN

1.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this lawsuit under Level 2.

## II.
## PARTIES

2.  Plaintiff Dusten Alexander is a resident of Texas.

3.  Defendant Safety Clamps, Inc. is a foreign company doing business in the State of Texas. It does business in Texas but does not maintain a regular place of business or a designated agent for service of process in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042. Safety Clamps has sufficient contacts with Texas and engages in business in Texas such that, it may be served with citation by serving the Texas Secretary of State as its agent, who is directed to forward duplicate copies of the citation and this petition by registered mail to Safety Clamps' President, Scott Griffin, 233 Santa Barbara Ave., Jacksonville, FL 32254.

4.      Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using the assumed or common name of "Safety Clamps" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time upon the motion of any party or one of the Court.

### III.
### JURISDICTION AND VENUE

5.      The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court as Plaintiff seeks aggregate monetary relief over $1,000,000.00. *See* TEX. R. CIV. P. 47.

6.      This Court has personal jurisdiction over Defendant (under the stream of commerce plus theory) because Defendant placed its equipment into the stream of commerce, Defendant specifically serves the Texas market as a marketplace for their goods, the incident occurred in Texas, and Plaintiff is a resident of Texas. The jurisdictional facts supporting personal jurisdiction over Defendant include:

   a.   Defendant designed, manufactured and placed the equipment into the stream of commerce;

   b.   Defendant conducts business with Texas companies, does business in Texas, and seeks to serve the Texas market for their products, including clamps;

   c.   Defendant urges Texans and Texas companies to purchase its products;

   d.   Defendant sells products to customers in Texas and provide warranties for their products in Texas; and

   e.   Defendant has entered into contracts and/or transactions with Texas entities.

# IV.
# FACTS

7. On or about June 8, 2021, Plaintiff was working at Sabre Alloys' facility in Houston, Texas as an operator.

8. The work involved metal plates that were held by clamps manufactured by Defendant Safety Clamps. A clamp and its locking mechanism failed, dropping a plate weighing several tons onto Plaintiff's foot.

9. Safety Clamps designed, manufactured, marketed, distributed, and/or sold the subject clamps. Safety Clamps failed to ensure the clamp and its parts were safe for use.

10. Plaintiff had to have emergency surgery, in which a portion of his foot was amputated.

11. As a result of this incident, Plaintiff has suffered severe injuries. Plaintiff now brings this lawsuit to recover damages.

# V.
# CAUSES OF ACTION

**A.    STRICT LIABILITY**

12. Plaintiff alleges each aforementioned allegation as if incorporated below.

13. The subject clamp was designed, manufactured, marketed, and placed into the stream of commerce by Safety Clamps in a defective and unreasonably dangerous condition to an extent beyond which would be contemplated by an ordinary user.

14. The clamp was unreasonably dangerous by virtue of its design and/or manufacturing defects. Safety Clamps defectively designed, manufactured, and marketed the subject clamp, which rendered it unreasonably dangerous for its intended and foreseeable use and which was a producing and proximate cause of this incident and Plaintiff's damages.

3

B. **DESIGN DEFECT**

15. Plaintiff alleges each aforementioned allegation as if incorporated below.

16. The design of the subject clamp was defective and unreasonably dangerous. It did not provide protection against the reasonably foreseeable circumstance in which a clamp would drop a plate onto an individual.

17. Defendant was consciously aware that a properly designed clamp would reduce or eliminate the occurrence of the failure that occurred in this case.

18. At the time the subject equipment left Defendant's control, there were safer alternative designs and/or additional safety measures that could have been taken.

C. **MANUFACTURING DEFECT**

19. Plaintiff alleges each aforementioned allegation as if incorporated below.

20. At all pertinent times, Defendant was engaged in the business of designing, manufacturing, marketing, selling, and/or otherwise placing equipment, including clamps, into the stream of commerce in Texas.

21. The defective nature of the subject clamp directly and proximately caused Plaintiff's damages.

D. **MARKETING DEFECT/FAILURE TO WARN**

22. Plaintiff alleges each aforementioned allegation as if incorporated below.

23. Defendant failed to give adequate and proper warnings and instructions regarding the dangers of its equipment.

E. **NEGLIGENCE**

24. Plaintiff alleges each aforementioned allegation as if incorporated below.

4

25. Defendant committed acts of omission and commission, which collectively and severally constituted negligence. Defendant had a duty to exercise ordinary care, meaning that degree of care that would be used by a company of ordinary prudence under the same or similar circumstances, and Defendant breached that duty. Specifically, Defendant breached its duty in one or more of the following ways:

    a.    Failing to properly design equipment;

    b.    Failing to properly manufacture equipment;

    c.    Failing to install necessary safety devices;

    d.    Failing to adequately test the equipment;

    e.    Other acts or omissions deemed negligent.

26. Such negligence, singularly or in the aggregate, proximately caused Plaintiff's damages.

**F.    GROSS NEGLIGENCE**

27. Plaintiff alleges each aforementioned allegation as if incorporated below.

28. Plaintiff alleges that all acts, conduct, and/or omissions on the part of Defendant, taken singularly or in combination, constitute gross negligence and were the proximate cause of the incident and Plaintiff's damages. Defendant's acts and/or omissions, when viewed objectively from Defendant' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of others, with an intentional state of mind.

29. Such gross negligence was a proximate cause of the incident and Plaintiff's damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

# VI.
# DAMAGES

30. As a result of Defendant's actions and/or inactions, Plaintiff brings this lawsuit for the following damages:

a. Past and future physical pain and suffering;

b. Past and future mental anguish;

c. Disfigurement;

d. Past and future medical expenses;

e. Court costs;

f. Exemplary damages;

g. Pre- and post-judgment interest; and

h. Any and all other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

# VII.
# TRCP 193.7

31. Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recovers damages from Defendant in accordance with the evidence; that Plaintiff recovers costs of the court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both pre-judgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; that Plaintiff recovers punitive damages; and for such other

further relief, both general and specific, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ Andrew Dao*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Ajay Ketkar
State Bar No. 24102801
aketkar@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587

**ATTORNEYS FOR PLAINTIFF**
